James B. Ball (#007339)
Ball, Santin & McLeran, PLC
2999 N. 44th Street, Suite 500
Phoenix, Arizona 85018
(602) 840-1400
ball@bsmplc.com
Attorney for Credit Acceptance Corp.

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Manuel E Castillo,<br>　　　　Debtor. | Chapter 13<br><br>No. 2:20-bk-11819-PS |
| Credit Acceptance Corp.,<br><br>　　　　Movant,<br><br>vs.<br><br>Manuel E Castillo, Debtor, and Edward J. Maney, Trustee,<br><br>　　　　Respondents. | **MOTION FOR RELIEF FROM THE CO-DEBTOR STAY**<br><br>Re: 2019 Chevrolet Spark |

Pursuant to Bankruptcy Code 11 U.S.C. Section 1301 (c)(2), Credit Acceptance Corp. moves to terminate the Co-Debtor stay so it may proceed to enforce its rights under the Retail Installment Sale Contract signed by the Debtor, Manuel E. Castillo (the "Debtor"), and Marluh G Nasario Alatorre (the "Co-Debtor").

On October 27, 2020, Debtor commenced the above captioned bankruptcy case. Edward Maney was appointed trustee of the Debtor's bankruptcy estate.

On March 30, 2019, the Debtor and the Co-Debtor executed a Retail Installment Sale Contract (Exhibit "A") in order to finance the purchase of a 2019 Chevrolet Spark; VIN: KL8CB6SA4KC807776 (the "Collateral").

The balance owing on the Debt is currently $18,369.11. The lien securing the Debt is evidenced by the Certificate of Title attached as Exhibit "B" and incorporated herein.

The Debtor and the Co-Debtor have been in default to Credit Acceptance Corp. on this loan since August 23, 2020.

<u>Stay relief pursuant to 11 U.S.C. Section 1301</u>

The Co-Debtor stay should be lifted because the Chapter 13 Plan filed by the Debtor does not make provision for payment of the Debt in full. The Order Confirming the Chapter 13 Plan indicates that the Collateral will be surrendered.

Section 1301(a) provides for a stay of any action by a creditor against a Co-Debtor where a Debtor has filed for relief pursuant to Chapter 13 of the Bankruptcy Code. Its purpose is to "protect a Debtor operating under a Chapter 13 individual repayment plan case by insulating him from indirect pressures from his creditors exerted through friends or relatives that may have Co-signed an obligation of the Debtor." H.R. 95-595, 95th Cong., 1st Sess. (1977) at 426, U.S. Code Cong. & Admin. News 1978, pp. 5787, 6381.

However, the stay is not unlimited. The Code provides mandatory stay relief upon motion of a creditor in three situations:

> (c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that
>
> > (1) as between the Debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;
> >
> > (2) the plan filed by the Debtor proposes not to pay such claim;
> >
> > (3) such creditor's interest would be irreparably harmed by continuation of such stay.

Credit Acceptance Corp. is entitled to relief from the stay under (2) of subsection (c) because the Chapter 13 Plan does not contain a provision for paying the Debt in full.

Debtor's Order Confirming the Chapter 13 Plan states that the Collateral will be surrendered. Since the Debtor does not provide for full payment of the Debt through the Chapter 13 Plan, Credit Acceptance Corp. is entitled to Co-Debtor stay relief to allow it to pursue the Co-Debtor. See In re Jacobsen, 20 Bankr. 648 (9th Cir. Bankr. 1982). The court in Jacobsen stated in pertinent part:

> 11 U.S.C. Section 1301(c)(2) states that the stay insulating a Co-Debtor from suit shall be inoperative to the extent that "the plan filed by the Debtor proposes not to pay such claim...."
>
> The foregoing language is unqualified. There is no limitation on the creditor's right to sue the Co-Debtor <u>for the amount not provided for by the plan</u>. There is no requirement that suit be deferred while the Debtor pays under the plan during a period of years. In re Holmes, 9 B.R. 454, 4 C.B.C.2d (Bkrtcy.D.C.) (emphasis added).

*Id*. at 650.

The legislative history on this subsection further supports the conclusions that the stay must be lifted. Where one of the conditions set forth in 11 U.S.C. Section 1301(c) is present, the court is required to grant relief from the stay as requested. H.R. 95-595, 95th Cong. 1st Sess. (1977) at 426. *See In re Rondeau*, 9 Bankr. 403, 7 B.C.D. 748 (Bankr. E.D. Pa. 1981). In the instant case, one of those conditions is present. The Debt is not provided for in full in the Debtor's plan.

Based on the foregoing, because one of the conditions of Section 1301(c) is present, relief from the Co-Debtor stay should be granted. A copy of the order is attached hereto as Exhibit "C".

Case 2:20-bk-11819-PS    Doc 32    Filed 09/20/21    Entered 09/20/21 21:38:36    Desc
Main Document    Page 3 of 4

BALL, SANTIN & MCLERAN, PLC
2999 N. 44TH STREET, SUITE 500
PHOENIX, ARIZONA 85018
(602) 840-1400

1  Credit Acceptance Corp. further requests that the court allow it to file an amended

2  claim for any deficiency balance within 30 days of disposition of the collateral or by the

3  claims bar date, whichever is later.

4  DATED this 20th day of September 2021.

5

6  By /s/ James B Ball #007339
   James B. Ball
   Ball, Santin & McLeran, PLC
7  2999 N. 44th Street, Suite 500
   Phoenix, Arizona 85018
8  Attorney for Credit Acceptance Corp.

9

Efiled the 20th day of September, 2021.
10  COPIES of the foregoing mailed
the 21st day of September 2021 to:

11

Manuel E Castillo
12  1500 W Thunderbird Rd, Apt 102
Phoenix, AZ 85023
13  Debtor

14  Marluh G Nasario Alatorre
PO Box 45471
15  Phoenix, AZ 85064-5471
Nonfiling Co-Debtor

16

Thomas Adams McAvity
17  Phoenix Fresh Start Bankruptcy Attorneys
4131 Main Street
18  Skokie, IL 60076-2780
Attorney for Debtor

19

Edward J. Maney, Trustee
20  101 N. First Avenue, #1775
Phoenix, AZ 85003

21

/s/ Erin O'Brien

22

23